DECISION
On April 8, 1999, appellee, Oakwood Management Company, served a notice to vacate the premises at 5482 Burberry Lane, Columbus, Ohio 43288, on appellant, Sylvia Richards, as required by R.C. 1923.04. On April 8, 1999, appellee filed an action in forcible entry and detainer seeking possession of the premises for non-payment of rent for April 1999; damages in the amount of $893.01 for past due rent, late fees and utility charges; $17.46 per day until the day the premises are vacated; and an unspecified amount for damages to the premises.
A hearing was held before a magistrate in the Franklin County Municipal Court on May 19, 1999. Appellant appeared pro se
and appellee was represented by an attorney. At the hearing, appellant admitted receiving the notice to vacate the premises and admitted she failed to pay the rent for April and May 1999; however, appellant argued her failure to pay the rent was based on a dispute over the correct amount due based on an alleged bookkeeping error by appellee. Appellant did not present any evidence as to the amount she alleged was due and owing, and presented no evidence as to the alleged bookkeeping error by appellee. Appellant also alleged she tendered the rent for April and May, but appellee refused to accept it.
Based on appellant's admission, the magistrate recommended judgment in favor of appellee on the cause of action for possession of the premises. Appellant filed an objection to the magistrate's decision wherein she did not dispute the finding that she had failed to pay the rent for April or May 1999, but reasserted her argument that the amount requested was not correct. Appellant's objections to the magistrate's decision were overruled. Appellant filed a timely notice of appeal.
Appellant sets forth numerous assignments of error and issues for review which are set forth in full in the appendix. Many of the issues are not properly before the court as no judgment has been rendered as to the amount of damages claimed. The only issues properly before the court pertain to the proceedings before the magistrate on May 19, 1999, relative to appellee's claim to possession of the premises. In this regard, appellant asserts that the magistrate erred in failing to grant her a continuance to consult an attorney and that she was not granted a jury trial.
An action in forcible entry and detainer is a statutory proceeding brought pursuant to R.C. Chapter 1923 and it is a summary proceeding to provide immediate possession of real property. Housing Auth. v. Jackson (1981), 67 Ohio St.2d 129. Although R.C. 1923.081 provides a complaint in forcible entry and detainer may join claims for possession, along with claims for past due rent and other damages, a trial on the possessory claim may proceed separately. A judgment granting or denying the claim for possession is a final appealable order, even though no judgment has been rendered on the claim for damages. Skillman v.Browne (1990), 68 Ohio App.3d 615.
Whether to grant or deny a request for continuance is within the discretion of the trial court and that decision will not be reversed absent an abuse of discretion. State v. Unger
(1981), 67 Ohio St.2d 65. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. Here, appellant did not request a continuance until after the magistrate decided to render judgment in favor of appellee. The notice to vacate the premises was served on appellant April 8, 1999, the complaint was served on appellant April 30, 1999, and the hearing was not held until May 19, 1999. Both the notice to vacate and the summons advised appellant of her right to seek legal counsel, and the summons provided the address and telephone number of the Legal Aid Society of Columbus. Thus, appellant had ample time to contact legal counsel prior to the hearing, and the magistrate did not abuse her discretion in denying the request for a continuance.
R.C. 1923.10 provides for a right to a jury trial in an action in forcible entry and detainer, and this information is also contained in the summons served upon appellant. The record does not show that appellant ever requested a jury trial and, thus, the court did not err in failing to provide one.
Therefore, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.
 APPENDIX ASSIGNMENTS OF ERROR
The trial court's transcript indicates on page one referred to unidentified attorney on behalf of plaintiff/appellee.
The trial court's transcript page two indicates a hearing before Magistrate Matthews on May 5, 1999. This date is in error, as stated. The hearing was on May 19, 1999.
Appellant will need to request a re-written transcript before a jury trial in the court of appeals.
Questions presented to Appellant by Magistrate was presented in such a manner that is was confusing. ["]DID YOU PAY RENT FOR ?["] Answers were influenced and confusing in the way it was phrased, resulting in appellant not being able to answer the question in the manner it should have been answered. It needs to be noted that within days of appellant moving into the property appellant was involved in an automobile accident. Appellant since then has been suffering with physical limitations, and is constantly under the care of physician and prescribed medicine.
As a result of medical condition appellant had brought note to be presented as evidence. As stated in the transcript use of the noted was denied, therefore appellant was unable to think and responds well enough to verbally present arguments to the magistrate. Allowing appellant to read from notes would have made a more favorable response on the part of the Magistrate.
Refer to page five of the trial court's transcript, on May 5th a total of $1800.00 was due appellee. Evidence was suppressed in support of this figure.
Refer to line 16 of trial court's transcript a copy of ledger had not been received to date of writing this brief. Appellee counsel again lied to the court. Appellee takes the position that they have ownership of the record and appellant is not entitled to them. However through SUBPOENA this will be obtained to be the only evidence necessary to solve this on going problem.
On several instance in the transcript appellant statement was noted inaudible. That certainly will influence any readers or cause some bias to the disadvantage of appellant.
Page of six of transcript counsel for appellee Kathryn again lied to the court. Appellant did not personally curse at Will Willis. Appellant did in fact conduct a rather civil conversation with Atty. Willis. In 1997 a similar action was taken against appellant and when explained to Atty. Willis the action had no merit, was withdrawn voluntarily by appellee counsel. Atty. Willis was aware of bookkeeping inconsistencies.
 ISSUES PRESENTED FOR REVIEW
In as much as the trial Court Magistrate did attempt to grant a continuance, through confusing the Appellant, Appellee was better able to argue receiving a judgment against Appellant.
Appellant was led to believe that the matter was settled one day prior to the court date. A verbal agreement was reached that Appellant would receive a credit of $475.00 and settle this matter.
Upon presenting the money to the rental office a written agreement was drawn up, interjecting clause that were not acceptable. Funds were being applied to my account as recommended by appellee accountant in accordance with general accounting practices, as was told to me by Andee Elberfeld.
Appellant had no consideration for how funds were being applied, was merely wanting to settle the matter. Appellant intent was to have a zero balance on the account.
Funds were refused. Appellant was told "you simply do not have the money" said Andee Elberfeld.
One day later appellee decided to proceed to court allowing appellant no time to seek legal advise. Therefore appellant ended up in court requested a continuance in that a trial was not anticipated.
Had appellee not again used another strategy appellant would have exercised the right to a jury trial and given the court enough notice for the request.
The agree upon figure was $1354.33. Appellant place this money in the court's escrow account and now partially released to appellee.
The major issue presented for reviews include the fact that evidence such as payment records was not redressed. In answer to trial court Appellant addressed lack of payment history. Majors factors were not taken into consideration in granting judgment. Payment history would indicated appellant do not fact owe funds to appellee.
Appellee practice of illegal forced eviction is evidenced on page 13 of the trial courts transcript.